Nash, C. J.
 

 The first objection raised in behalf of the defendants, is, as to the competency of Dr. Norcom, as a witness for the prosechtibn. The objection is placed on two grounds: 1st. The witness is a party of record, being one of the Commissioners of the town; and, 2ndly, that he is a corporator. As to the first, he is necessarily a party plaintiff, by force of the town ordinance, and his being a Commissioner does not deprive him of his privilege as a corporator; and as such he is a competent witness. Although Dr. Norcom is a corporator, yet he is entirely without interest in the matter, or it is so remote that the law cannot regard it. The same objection in principle was raised in the case of JACKSON against the Commissioners of Hillsboro’, Dev. and Bat 177. The action was in ejéctment for a lot in the town. One Horton, who was a corporator, was offered as a witness by the defendant. The Court say, as a cor-porator, Horton was competent, because he had no private and distinct personal interest. It is clear that simply being a cor-porator does not disqualify him as a witness. In this State, the citizens of a county are constantly received as witnesses upon indictments, although the fines imposed belong to the county, and it is liable for the costs if it fail. In^P'SSsOn^R^^soN, the Court conclude their opinion by say®gA to us, that an interest in the whole community, for the commcn wfal only, it is not a particular private interest^b’MVmSieffiifi»#lk'dicfc of advantage or disadvantage to each citizen; or thaA jf.it §e,that it is so minute and remote, that, the aW^a^St?f%^m;*^ra,s from it, is repelled by the frequent necessity^d — a^ng^ífáiwíitnesses or having none.” And it must be so; if it were not, the revenue laws never could be enforced against a delinquent officer. The principle established by the case referred to, is an answer to each ground of objection to the competency of Dr. Norcom as a witness.
 

 
 *440
 
 The counsel for the defendants contended that the acts complained of were no violation of the ordinance; that the ordinance only intended to prohibit such acts as were in violation of some pre-existing law of the State. Wo cannot agree to this proposition. If true, it would sweep away the whole of the police regulations of the different public corporations of the State. The very object of their institution is to call into existence such laws and regulations of conduct, as may bo thought by the corporators to be required by their several situations. Different regulations are required in different localities ; for example, regulations which are needful and proper for the town of Wilmington, would not be so for the town of Hillsboro’, or any town off the sea-board. The Commissioners of Washington had the power to pass the ordinance in question ; for it violates no law of the State nor the constitution. Did the conduct of the defendants bring them within its operation ? We are very clearly of opinion that it did, not only in word but in spirit. They were violating the Sabbath, and were creating a noise in the public streets, within the limits just expressed; the Commissioners of every incorporated town have a right to establish any and every regulation which, in their judgment, is needful to the comfort and interests of the citizens. His Honor instructed the jury, that the intent of the ordinance in question was to prevent all such noise and disorder in the public places of the town, arising from the acts therein specified, as would molest the citizens. It was left to the jnry to say, whether the noise made by the defendants was so great as thus to disturb others. If so, the defendants were guilty, though the noise was made in play. In this charge, we entirely concur. The language of the ordinance is, “ that the Commissioners of Washington do hereby prohibit and forbid all disorderly shouting, dancing, and all disorderly and tumultuous assemblies on the part of slaves and free negroes in 'the streets,” &c., “both on Sundays and on other days,” &c. Slaves compose so large a portion of the population of our towns and villages, that, in passing rules and regulations for their government, much must be left to the judg
 
 *441
 
 ment and discretion of those who are to enforce them, in their application to particular cases. State v. Bill, 13th Ired. 373. We-think in this case the ordinance was violated, and that the presiding Judge committed no error in admitting the testimony of Dr. Norcum, or in his charge to the jury.
 

 A motion was made to arrest the judgment, because the warrant did not set forth the act of Assembly, by virtue of which the ordinance was passed. The objection is a fatal one. State v. Muse, 4th Dev. and Bat. 219. A motion was then made to amend the warrant; which, on the authority of Muse’s caso, is allowed at the costs of the plaintiffs.
 

 Judgment affirmed, and opinion to be certified.